W. B. PHILLIPS, as Mayor-Commissioner, etc., *et al.,* v. STATE OF FLORIDA *ex rel.* JOHN HASTIE, *et al.*

1 So. (2nd) 733
Division B
Opinion Filed April 25, 1941

*Knowles & Kirk* and *John F. Banderipe, Jr.,* for Plaintiffs in Error;

*G. P. Smythe* and *Alvan B. Rowe,* for Defendants in Error.

CHAPMAN, J.—This cause is here for review on writ of error to a final judgment entered by the Circuit Court of Manatee County, Florida, in mandamus proceeding upholding an election on December 11, 1939, by the City of Anna Maria, Florida, a municipal corporation, called pursuant to law under the provisions of Chapter 19682, Special Acts of 1939, Laws of Florida, for the purpose of determining whether or not Chapter 19862, *supra,* should become effective and thereby amend Chapter 12500, Special Acts of 1927, being the Charter Act of the City of Anna Maria.

Section 4 of Chapter 19682, Special Acts of 1939, provided that said Act become effective upon and after the adoption and ratification of the same by a majority of the qualified voters of the City of Anna Maria who were freeholders and that the election should be held pursuant to a resolution adopted by the City Commission upon notice duly published prior to the holding of the election, and the question to be determined was whether or not Chapter 19682 should be ratified or rejected. Other details of the election were to be controlled by the then existing ordinances of said city and the laws of Florida governing or controlling elections.

The lower court, after several amendments of the alternative writ, concluded that in the election held on December 11, 1939, by the City of Anna Maria the voters ratified and approved Chapter 19682, Special Acts of 1939, which

amended Chapter 12500, Special Acts of 1927, being the Charter Act of the City of Anna Maria, and held that the amendment was a part of the Charter of the City of Anna Maria and commanded the officers of said city, on or before September 10, 1940, to hold an election for the purpose of electing a mayor and two commissioners under the provisions of Chapter 19682. Writ of error was taken to said final decree and a supersedeas obtained and the case is here for review.

Counsel for plaintiffs in error pose four separate questions to be determined by this Court. It is unnecessary to set out each of these questions, but they have been carefully considered, and the record has been thoroughly examined and briefs of counsel read. We have reached the conclusion that there is no error in the record. The lower court is directed to amend the peremptory writ upon application and due notice so as to permit an election to be held by the City of Anna Maria on such a date or occasion as the lower court shall fix and pursuant to law.

The judgment appealed from is hereby affirmed.

BROWN, C. J., TERRELL and THOMAS, J. J., concur.